IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:23-CR-131-01 (TCB)(RDC) |
| | ) | |
| BRITTANY HUDSON. | ) | |
| _____ | ) | |

**MOTION TO DISCLOSE
CONFIDENTIAL INFORMANTS**

NOW COMES DEFENDANT BRITTANY HUDSON and files this motion for the production of the name and location and criminal records of the confidential informant(s) in this case. In order to fully prepare the defense, counsel for Ms. Hudson requests that the government be ordered to disclose the confidential informants' full names and locations. Disclosure of the names, records and locations of the informants is also required to assure that they can be subpoenaed by the Defense for court proceedings in this case.

Brittany Hudson is charged in the above-styled indictment in Count 1 with conspiracy to commit wire fraud upon Amazon, Inc. in violation of Title 18 USC §§ 1343 and 1349. Counts 2 through 14 charge substantive acts of wire fraud alleging payments from Amazon to various bank accounts controlled by or associated with Ms. Hudson, in violation of 18 USC §§ 1343 and 2. Counts 15

through 20 charge Ms. Hudson with substantive money laundering transactions in amounts over $10,000, involving the alleged Amazon fraud proceeds, in violation of 18 USC §§ 1957 and 2. Count 21 charges Ms. Hudson with conspiracy to commit wire fraud upon the CRU Franchising Company, LLC, (operating as "CRU" and "CRU Hemp Lounge,") in violation of 18 USC §§ 1343 and 1349. Counts 22 and 23 charge substantive acts of wire fraud involving emails allegedly sent by Ms. Hudson to representatives of CRU, in violation of 18 USC §§ 1343 and 2. Count 24 does not charge Ms. Hudson. Count 25 charges Ms. Hudson with forgery of the signature of a federal judge [Chief Judge TIMOTHY C. BATTEN, SR.], and forgery of the seal of the court, in violation of 18 USC §§ 505 and 2. (Doc. 1). Ms. Hudson has entered a plea of "not guilty" to all counts. (Doc. 8-1).

Ms. Hudson suspects one or more informants or cooperating individuals were utilized by the government in its investigations of the Amazon fraud scheme and the Cru hookah lounge attempted purchase, and in the orchestration of this case. The Defense believes that one or more informants conducted direct financial dealings or conversations with Ms. Hudson, her codefendants or alleged coconspirators. Thus, Ms. Hudson hereby requests and requires disclosure of all such informants in this case.

# ARGUMENT

In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court observed that the government's privilege to withhold the identities of informants is limited. Describing the limits of the privilege, the Court stated:

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

*Id.* at 60-61 (emphasis added).

The Court observed that at the time of the Roviaro decision "most of the federal cases involving this limitation on the scope of the informer's privilege ha[d] arisen where the legality of a search without a warrant [was] in issue and the communications of an informer [were] claimed to establish probable cause. In those cases the Government [had] been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication." *Id.* at 61. Noting that the issue required balancing the public's interest in the flow of information against the right of the accused to prepare his defense, the Court held that the outcome in each case would depend upon the

3

circumstances of that particular case. *Id.* at 62. The Court noted that considerations should include the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. *Id.* ; accord *United States v. Kerris*, 748 F.2d 610, 613-14 (11th Cir. 1984).

Once a defendant has shown the importance of a confidential informant to her defense, the government cannot hide the informant to prevent the defendant from calling him as a witness at trial. See *United States v. Godkins*, 527 F.2d 1321, 1326-27 (5th Cir. 1976). Concomitantly, the Court should require disclosure of the informant's identity where it has been shown that disclosure is necessary to allow the defendant a fair opportunity to prepare and present her defense.

In *Roviaro* the Supreme Court held that the trial court committed reversible error by allowing the government to withhold the identity of its informant in the face of requests for disclosure from the defense. *Id.* at 65. The Roviaro informant had been the sole participant along with the defendant in the charged drug transaction. He was critically positioned to "amplify or contradict the testimony of government witnesses." *Id.* at 64. His knowledge of the events also positioned him to aid the defendant in establishing possible defenses. *Id.* Importantly, the Supreme Court stated that the defendant's opportunity to cross-examine law enforcement witnesses hardly substituted for an opportunity to examine the man

who had been nearest to him and taken part in the transaction. *Id.* The Court further declared, "The desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide." *Id.*

> The Eleventh Circuit focuses on a three-part inquiry in applying Roviaro: (1) the extent of the CI's participation in the criminal activity; (2) the directness of the relationship between the defense and probable testimony of the CI, and (3) the government's interest in non-disclosure.

*United States v. Rutherford*, 175 F.3d 899 (11th Cir. 1999).

There is no hard-and-fast rule, however, for whether an informant's identity should be disclosed under Roviaro. The Second Circuit appropriately summarized the Roviaro standard, properly describing it as a balancing test: The government generally enjoys a "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). However, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," the "fundamental requirements of fairness" require that "the privilege must

5

give way." *Id.* at 60-61, 77 S.Ct. 623. There is "no fixed rule with respect to [such] disclosure." *Id.* at 62, 77 S.Ct. 623. Rather, the court must "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense," based on "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* If this balancing favors the defendant, then he is entitled to learn the identity of the government's informant. *United States v. Jackson*, 345 F.3d 59, 69-70 (2nd Cir. 2003)(citing and quoting Roviaro).

Importantly, nothing in Roviaro limited disclosure only to those cases where a defendant can articulate, months before trial, a fixed and concrete theory of defense and how precisely the undisclosed informant fits within that theory based upon her probable testimony. Indeed, it is the right to *prepare* a defense that is at stake. Roviaro makes clear that the court is to consider the significance of the informer's testimony, the crimes charged, and the *possible* defenses, as well as all other relevant facts of the case.

Ms. Hudson asserts that the relevant factors weigh in her favor, particularly in light of the significance of the informants' testimony. In this case, disclosure of the informants' identity and location is very important to Ms. Hudson's ability to

prepare her defense, particularly the potential defense of entrapment with respect to the attempted Cru Lounge Hookah Bar purchase, charged in Counts 21-24. Like the informant in Roviaro, the informants are in a critical position to amplify or contradict the testimony of other witnesses. In addition, because of their alleged direct knowledge of events, the informants are uniquely positioned to assist Ms. Hudson in establishing a defense. With respect to Ms. Hudson's defense at trial, a defendant need not reveal her defense to the government in order to make her request for access to the informants.

Counsel for defendant is willing to follow the accepted and customary method of making an in camera showing to the Court as to why the defendant has a need for access to the informants in this case, if necessary. Ms. Hudson also requests that the Court conduct an appropriate review of the government's claimed interest, if any, in the non-disclosure of this informant's identity to properly weight the competing interests. Furthermore, disclosure of the material information to *locate* the informants is the only practical way to satisfy the due process or fundamental fairness concerns that Roviaro's disclosure requirement was designed to prevent. "[O]nly by disclosing all material information, especially informant's true name *United States v. Jackson* and address does the prosecution discharge its duty under the due process clause." *United States v. Martinez*, 286

Fed. Appx. 809 (4th Cir. 2008)(unpublished) (relying on Roviaro) (internal quotation omitted). In Roviaro, the Supreme Court noted that the government should have disclosed the identity and address of a confidential informant directly involved in the charged conduct. *Roviaro*, 353 U.S. at n. 15; see, 345 F.3d 59, 69-70 (2nd Cir. 2003)(government's disclosure of name, social security number, and criminal record satisfied Roviaro obligation). For the reasons set forth herein, Ms. Hudson requests that this Court compel the government to disclose to the defense the names, records and locations of the informants and to grant defendant access to the informants.

Dated: This 20th day of June, 2023.

Respectfully submitted,

 s/ *L. Burton Finlayson*
L. BURTON FINLAYSON
Attorney For BRITTANY HUDSON
Georgia Bar Number: 261460

LAW OFFICE OF
L. BURTON FINLAYSON
ATTORNEY AT LAW
931 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306
(404) 872-0560
lbfcourts@aol.com

# CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing motion by filing same in the CM / ECF filing system which will deliver a copy to all counsel of record including the following:

>Mr. Stephen McClain, and
>Mr. Norman Barnett
>Assistant United States Attorneys
>600 United States Courthouse
>75 Ted Turner Drive, S. W.
>Atlanta, Georgia 30303.

DATED: This 20TH day of June, 2023.

>s/ *L. Burton Finlayson*
>L. BURTON FINLAYSON
>ATTORNEY FOR BRITTANY HUDSON
>State Bar Number: 261460