FILED IN OPEN COURT
U.S.D.C. Atlanta

JUN 20 2023

Kevin P. Weimer, Clerk
By: _____
Deputy Clerk



ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | Criminal Indictment |
| BRITTANY HUDSON, | No. 1:23-CR-0131-TCB-RDC |
| KAYRICKA WORTHAM | |
| A/K/A KAYRICKA DUPREE | (First Superseding) |
| A/K/A KAYRICKA YOUNG, | |
| JAMAR L. JAMES, SR., AND | |
| DARREL J. BURGO | |
| A/K/A FLEET | |

THE GRAND JURY CHARGES THAT:

### Count 1
### (Conspiracy)

1. Beginning on a date unknown, but from at least in or about January 2022, and continuing through in or about June 2022, in the Northern District of Georgia and elsewhere, the Defendants, BRITTANY HUDSON and JAMAR L. JAMES, SR., did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young, Demetrius Hines, and others known and unknown to the Grand Jury to commit wire fraud, that is, to knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, and for the purpose of executing the

scheme, with the intent to defraud, to cause the transmission of interstate wire communications, in violation of Title 18, United States, Code, Section 1343.

### Background

At all times relevant to this Indictment:

2. Defendant HUDSON was in a relationship and resided with Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young. Defendant HUDSON owned a business, Legend Express LLC, which contracted with Amazon.com, Inc. ("Amazon") as a Delivery Service Partner. Amazon Delivery Service Partners are independent businesses that partner with Amazon to deliver packages to customers.

3. Defendant JAMES was an Operations Manager at Amazon. He worked at the Amazon Warehouse in Duluth, Georgia. In his position, Defendant JAMES supervised others and had the authority to approve new vendors for Amazon. He could also approve the payment of vendor invoices.

4. Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young was an Operations Manager at Amazon. She worked at the Amazon Warehouse in Smyrna, Georgia. In her position, Wortham supervised others and had the authority to approve new vendors for Amazon. She could also approve the payment of vendor invoices.

5. Demetrius Hines was a Loss Prevention Multi-Site Lead at Amazon. He worked at various Amazon sites, including the Amazon Warehouse in Smyrna, Georgia. In his position, Hines was responsible for preventing loss and

2

protecting people, products, and information at Amazon. He led investigations, conducted interviews, and monitored security risks.

6. Amazon is an American multinational technology company whose business interests include e-commerce, cloud computing, digital streaming, and artificial intelligence. Amazon engages in the online retail sale of a wide range of products, including books, music, computers, and electronics, among numerous other products, which are directly shipped to customers. Amazon is one of the largest technology companies in the United States.

Manner and Means

7. Defendant HUDSON, Defendant JAMES, Wortham, and Hines conspired to steal more than $9 million from Amazon. They created fake vendors and submitted more than $10 million in fictitious invoices for those vendors, causing Amazon to transfer approximately $9.4 million to bank accounts they controlled.

8. As part of the scheme, Wortham provided fake vendor information to unknowing subordinates and asked them to input the information into Amazon's vendor system. Once the information was entered, Wortham approved the fake vendors, thereby enabling those vendor accounts to submit invoices for payment for goods and services purportedly provided by the vendors to Amazon.

9. Wortham established the fake vendor accounts so that they were associated with bank accounts controlled by her, Defendant HUDSON, Defendant JAMES, Hines, and others.

3

10. After the fake vendor accounts were established, Wortham and Defendant HUDSON submitted fictitious invoices to Amazon for payment. These invoices falsely represented that the fake vendors had provided goods and services to Amazon, when in fact they had not. The invoices directed payment to bank accounts controlled by the co-conspirators.

11. After Amazon received the fictitious invoices, Wortham, Defendant JAMES, and others approved them for payment, causing Amazon to transfer funds to the bank accounts controlled by the co-conspirators. These approvals and payments caused transmissions of interstate wire communications.

12. In furtherance of the conspiracy, Wortham and Defendant HUDSON recruited other individuals to act as purported vendor contacts for the fake vendors entered into Amazon's system. Wortham shared fraudulent proceeds with these co-conspirators by directing payments of fictitious invoices to their bank accounts and by transferring fraudulent proceeds from her accounts to theirs.

13. Wortham recruited Hines and Laquettia Blanchard, who was a Senior Human Resources Assistant at Amazon, into the scheme to establish additional fake vendor accounts after she began the fraudulent scheme. Hines and Blanchard provided information to Wortham to create additional fake vendor accounts. Wortham and Defendant JAMES approved these vendors for payment.

14. Hines recruited Defendant JAMES into the scheme. Using his position as an Operations Manager, Defendant JAMES approved fake vendors and

4

approved fraudulent invoices, even though in truth the fake vendors provided no goods or services to Amazon. Defendant JAMES approved approximately 26 fake vendors and approximately 465 fraudulent invoices for payment. Defendant JAMES received fraud proceeds in a bank account held in his wife's name.

15. Defendant HUDSON, Defendant JAMES, Wortham, Hines, and others received fraudulent proceeds generated from the fake vendor accounts. The invoices directed payment to bank accounts controlled by them, and Wortham transferred fraudulent proceeds from her accounts to other co-conspirators' accounts.

16. After Wortham left Amazon in or about March 2022, she, Defendant HUDSON, and Hines continued to submit fictitious invoices to Amazon on behalf of the fake vendors they created. Defendant JAMES approved fictitious invoices after Wortham left Amazon. The conspirators continued to receive fraudulent proceeds from the scheme until in or about June 2022.

17. In total, Defendant HUDSON, Defendant JAMES, Wortham, Hines, and co-conspirators submitted more than $10 million in fraudulent invoices to Amazon as part of this scheme. Wortham and Defendant HUDSON received millions in fraudulent proceeds from the scheme and spent fraudulent proceeds on themselves, including purchasing expensive real estate and luxury cars. For example, they purchased a nearly $1 million home in Smyrna, Georgia, a 2019 Lamborghini Urus, a 2021 Dodge Durango, a 2022 Tesla Model X, a 2018 Porsche Panamera, and a Kawasaki ZX636 motorcycle, all with fraudulent proceeds.

All in violation of Title 18, United States Code, Section 1349.

## Counts 2 through 14
## (Wire Fraud)

18. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

19. Beginning on a date unknown, but from at least in or about January 2022, and continuing through at least in or about June 2022, in the Northern District of Georgia and elsewhere, the Defendant, BRITTANY HUDSON, aided and abetted by Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young and others known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

### Execution of Scheme to Defraud

20. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, Defendant HUDSON, aided and abetted by Wortham and others known and unknown to the Grand Jury, with intent to defraud, and for the purpose of executing the aforesaid scheme and artifice to defraud, caused the following wire communications to be transmitted in interstate commerce:

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| 2 | 2/8/2022 | Transfer in the amount of $27,438.60 from Amazon to Bank of America account x3253 held in the name of Defendant HUDSON |
| 3 | 2/15/2022 | Transfer in the amount of $27,438.60 from Amazon to Bank of America account x3253 held in the name of Defendant HUDSON |
| 4 | 2/23/2022 | Transfer in the amount of $64,840.72 from Amazon to Bank of America account x3253 held in the name of Defendant HUDSON |
| 5 | 2/24/2022 | Transfer in the amount of $115,138.56 from Amazon to Bank of America account x3253 held in the name of Defendant HUDSON |
| 6 | 3/29/2022 | Transfer in the amount of $95,584.40 from Amazon to Bank of America account x3253 held in the name of Defendant HUDSON |
| 7 | 2/28/2022 | Transfer in the amount of $111,521.04 from Amazon to Bank of America account x4026 held in the name of Defendant HUDSON |
| 8 | 3/29/2022 | Transfer in the amount of $76,141.44 from Amazon to Bank of America account x4026 held in the name of Defendant HUDSON |
| 9 | 1/31/2022 | Transfer in the amount of $58,014.95 from Amazon to Wells Fargo account x4436 held in the name of IPress Ink, LLC, and owned by Defendant HUDSON |
| 10 | 3/29/2022 | Transfer in the amount of $80,798.59 from Amazon to Truist account x2938 held in the name of IPress Ink, LLC, and owned by Defendant HUDSON |
| 11 | 1/31/2022 | Transfer in the amount of $15,121.35 from Amazon to Wells Fargo account x9310 held in the name of A.H. |
| 12 | 2/8/2022 | Transfer in the amount of $116,408.28 from Amazon to Wells Fargo account x9310 held in the name of A.H. |
| 13 | 2/15/2022 | Transfer in the amount of $116,408.28 from Amazon to Wells Fargo account x9310 held in the name of A.H. |

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|-------|------|-------------------------------|
| 14 | 3/24/2022 | Transfer in the amount of $97,006.90 from Amazon to Wells Fargo account x9310 held in the name of A.H. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Counts 15 through 20
### (Money Laundering)

21. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

22. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, the Defendant, BRITTANY HUDSON, aided and abetted by Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young and others known and unknown to the Grand Jury, knowingly engaged in and attempted to engage in the monetary transactions described below in criminally derived property of a value greater than $10,000, consisting of the deposit, withdrawal, transfer, and exchange, in and affecting interstate and foreign commerce, of funds and monetary instruments by, through, and to a financial institution, such property having been derived from specified unlawful activity, that is, conspiracy and wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343:

| COUNT | DATE | TRANSACTION | AMOUNT | PAYEE |
|-------|------|-------------|--------|-------|
| 15 | 1/31/2022 | Withdrawal by electronic check from Navy Federal Credit Union account | $69,000.00 | U.S. Bank |

| COUNT | DATE | TRANSACTION | AMOUNT | PAYEE |
|---|---|---|---|---|
| | | x0951 for payment on 2018 Porsche Panamera | | |
| 16 | 2/25/2022 | Wire transfer from Navy Federal Credit Union account x9310 for payment on real estate in Smyrna, Georgia | $328,352.17 | Law firm escrow account |
| 17 | 2/28/2022 | Wire transfer from Navy Federal Credit Union account x1580 for payment on real estate in Smyrna, Georgia | $600,000.00 | Law firm escrow account |
| 18 | 3/7/2022 | Withdrawal by cashier's check from Bank of America account x3253 for payment on 2021 Dodge Challenger | $82,990.00 | Landmark Dodge Chrysler Jeep Ram of Atlanta |
| 19 | 4/16/2022 | Withdrawal by cashier's check from Wells Fargo account x7611 for payment on 2022 Tesla Model X and 2019 Lamborghini Urus | $295,000.00 | Atlanta Auto |
| 20 | 4/18/2022 | Withdrawal by cashier's check from Wells Fargo account x7611 for payment 2019 Lamborghini Urus | $150,000.00 | Atlanta Auto |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

**Count 21**
**(Conspiracy)**

23. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

24. Beginning on a date unknown, but from at least on or about January 22, 2023, and continuing through on or about January 27, 2023, in the Northern District of Georgia and elsewhere, the Defendants, BRITTANY HUDSON and KAYRICKA WORTHAM a/k/a Kayricka Dupree a/k/a Kayricka Young, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other to commit wire fraud, that is, to knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, and for the purpose of executing the scheme, with the intent to defraud, to cause the transmission of interstate wire communications, in violation of Title 18, United States, Code, Section 1343.

<u>Background</u>

At all times relevant to this Indictment:

25. CRU Franchising Company LLC is a Georgia limited liability company that sells franchises and owns a system for developing and operating hookah lounges under the names CRU and CRU Hemp Lounge.

## Manner and Means

26. Defendants HUDSON and WORTHAM conspired together to make material misrepresentations to CRU with the intent of obtaining a CRU franchise in the Atlanta area.

27. On or about September 29, 2022, Defendants HUDSON and WORTHAM were criminally charged with conspiracy to commit wire fraud, based on their scheme to defraud Amazon through the scheme described in Count 1. On or about November 30, 2022, Defendant WORTHAM pleaded guilty to conspiracy to commit wire fraud as charged.

28. Defendants HUDSON and WORTHAM worked with CRU representatives to open a hookah lounge in the Atlanta area. In or about January 2023, Defendants HUDSON and WORTHAM were finalizing a franchise deal with CRU to open a hookah lounge in Midtown Atlanta.

29. As part of the due diligence for the franchise deal, on or about January 22, 2023, Defendant HUDSON emailed CRU purported financial information to support closing the deal. Defendant HUDSON's email attached doctored bank statements and personal financial statements that fraudulently inflated the balances in Defendant HUDSON's accounts.

30. In completing its due diligence before closing the franchise deal, CRU located online information describing the Amazon fraud crimes that Defendants HUDSON and WORTHAM had been charged with. After reviewing that information, CRU scheduled a call with Defendants HUDSON and WORTHAM

11

to discuss the charges with CRU representatives. CRU also invited Demetrius Hines to the call, as he had been on the original franchise paperwork.

31. During the call, on or about January 23, 2023, Defendants HUDSON and WORTHAM falsely claimed that their criminal cases were being dismissed and not moving forward. Defendants HUDSON and WORTHAM lied with the intent to defraud CRU and obtain a CRU franchise.

32. Later that night after the call, Defendant WORTHAM emailed CRU. In the email, Defendant WORTHAM made false claims about her criminal case. She also attached a fraudulent court document that included a fake "NOTICE OF NOLLE PROSEQUI AND DISMISSAL" purporting to dismiss her criminal case. The fraudulent court document included the signature of a Federal Judge, the Court's stamp, the name of the Clerk of Court, and the signature of a Deputy Clerk of the Court. These documents were fraudulent, having never been issued in Defendant WORTHAM's criminal case.

33. On or about January 27, 2023, Defendant HUDSON sent an email to CRU attaching a fraudulent court document entitled, "GOVERNMENT'S MOTION and ORDER FOR DISMISSING CASE AS TO DEFENDANT BRITTANY HUDSON," purporting to dismiss her criminal case. The fraudulent court document included the signature of a Federal Judge, the Court's stamp, and the name of the Clerk of Court. This document was fraudulent, having never been issued in Defendant HUDSON's criminal case. Defendant HUDSON's emails to CRU caused interstate wire transmissions.

12

All in violation of Title 18, United States Code, Section 1349.

### Counts 22 and 23
### (Wire Fraud)

34. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 and 25 through 33 of this Indictment as if fully set forth herein.

35. Beginning on a date unknown, but from at least on or about January 22, 2023, and continuing through on or about January 27, 2023, in the Northern District of Georgia and elsewhere, the Defendants, BRITTANY HUDSON and KAYRICKA WORTHAM a/k/a Kayricka Dupree a/k/a Kayricka Young, in the Northern District of Georgia and elsewhere, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

### Execution of Scheme to Defraud

36. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, Defendants HUDSON and WORTHAM, aided and abetted by each other, with intent to defraud, and for the purpose of executing the aforesaid scheme and artifice to defraud, caused the following wire communications to be transmitted in interstate commerce:

13

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|-------|------|-------------------------------|
| 22 | 1/22/2023 | Email from Defendant HUDSON to CRU representative A.S. attaching fraudulent financial documents |
| 23 | 1/27/2023 | Email from Defendant HUDSON to CRU representative D.M. attaching fraudulent court document |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Count 24
### (Forgery of Signature of Federal Judge and Seal of Court)

37. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 and 25 through 33 of this Indictment as if fully set forth herein.

38. On or about January 23, 2023, in the Northern District of Georgia, the Defendant, KAYRICKA WORTHAM a/k/a Kayricka Dupree a/k/a Kayricka Young, forged the signature of a Judge and other officer of a Court of the United States, forged and counterfeited the seal of a Court of the United States, and knowingly concurred in using a forged and counterfeit signature and seal, for the purpose of authenticating any proceeding and document, knowing such signature and seal to be false and counterfeit.

All in violation of Title 18, United States Code, Section 505 and Section 2.

## Count 25
### (Forgery of Signature of Federal Judge and Seal of Court)

39. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 and 25 through 33 of this Indictment as if fully set forth herein.

40. On or about January 27, 2023, in the Northern District of Georgia, the Defendant, BRITTANY HUDSON, forged the signature of a Judge and other officer of a Court of the United States, forged and counterfeited the seal of a Court of the United States, and knowingly concurred in using a forged and counterfeit signature and seal, for the purpose of authenticating any proceeding and document, knowing such signature and seal to be false and counterfeit.

All in violation of Title 18, United States Code, Section 505 and Section 2.

### Counts 26 through 45
### (Wire Fraud)

41. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

42. Beginning on a date unknown, but from in or about January 2022, and continuing through at least in or about June 2022, in the Northern District of Georgia and elsewhere, the Defendant, JAMAR L. JAMES, SR., aided and abetted by Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young, Demetrius Hines, and others known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

15

<u>Execution of Scheme to Defraud</u>

43. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, Defendant JAMES, aided and abetted by Wortham, Hines, and others known and unknown to the Grand Jury, with intent to defraud, and for the purpose of executing the aforesaid scheme and artifice to defraud, caused the following wire communications to be transmitted in interstate commerce:

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| 26 | 4/29/2022 | Transfer in the amount of $9,408.96 from Amazon to Regions Bank account x1908 held in the name of A.T. |
| 27 | 4/29/2022 | Transfer in the amount of $9,292.15 from Amazon to Wells Fargo account x6366 held in the name of Demetrius Hines |
| 28 | 5/6/2022 | Transfer in the amount of $159,784.7 from Amazon to Wells Fargo account x7611 held in the names of Kayricka Wortham and V.W. |
| 29 | 5/7/2022 | Transfer in the amount of $319,104.06 from Amazon to Navy Federal Credit Union account x6819 held in the name of I.C. |
| 30 | 5/11/2022 | Transfer in the amount of $195,878.15 from Amazon to Regions Bank account x1908 held in the name of A.T. |
| 31 | 5/11/2022 | Transfer in the amount of $287,377.28 from Amazon to Wells Fargo account x6366 held in the name of Demetrius Hines |
| 32 | 5/18/2022 | Transfer in the amount of $165,164.76 from Amazon to Wells Fargo account x1402 held in the name of Demetrius Hines |
| 33 | 5/18/2022 | Transfer in the amount of $348,096.60 from Amazon to Navy Federal Credit Union account x6016 held in the name of T.T. |

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| 34 | 5/18/2022 | Transfer in the amount of $293,853.06 from Amazon to Wells Fargo account x7040 held in the name of Evolve & Elevate |
| 35 | 5/18/2022 | Transfer in the amount of $327,051.74 from Amazon to Wells Fargo account x7057 held in the name of Evolve & Elevate |
| 36 | 5/19/2022 | Transfer in the amount of $397,154.18 from Amazon to Navy Federal Credit Union account x6014 held in the name of Kayricka Wortham |
| 37 | 5/24/2022 | Transfer in the amount of $112,789.20 from Amazon to Wells Fargo account x7611 held in the names of Kayricka Wortham and V.W. |
| 38 | 5/26/2022 | Transfer in the amount of $31,593.25 from Amazon to Regions Bank account x1908 held in the name of A.T. |
| 39 | 5/27/2022 | Transfer in the amount of $37,911.9 from Amazon to Regions Bank account x1908 held in the name of A.T. |
| 40 | 6/1/2022 | Transfer in the amount of $307,221.44 from Amazon to Navy Federal Credit Union account x6016 held in the name of T.T. |
| 41 | 6/1/2022 | Transfer in the amount of $134,546.28 from Amazon to Wells Fargo account x1402 held in the name of Demetrius Hines |
| 42 | 6/3/2022 | Transfer in the amount of $8,780.00 from Amazon to Wells Fargo account x6366 held in the name of Demetrius Hines |
| 43 | 6/4/2022 | Transfer in the amount of $8,972.75 from Amazon to Wells Fargo account x6366 held in the name of Demetrius Hines |
| 44 | 6/8/2022 | Transfer in the amount of $211,405.70 from Amazon to Navy Federal Credit Union account x7308 held in the name of Demetrius Hines |
| 45 | 6/17/2022 | Transfer in the amount of $131,750.01 from Amazon to Navy Federal Credit Union account x7761 held in the names of Demetrius Hines and Kayricka Wortham |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Counts 46 and 47**
**(Money Laundering)**

44. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

45. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, the Defendant, JAMAR L. JAMES, SR., aided and abetted by others known and unknown to the Grand Jury, knowingly engaged in and attempted to engage in the monetary transactions described below in criminally derived property of a value greater than $10,000, consisting of the deposit, withdrawal, transfer, and exchange, in and affecting interstate and foreign commerce, of funds and monetary instruments by, through, and to a financial institution, such property having been derived from specified unlawful activity, that is, conspiracy and wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343:

| COUNT | DATE | TRANSACTION | AMOUNT | PAYEE |
|-------|------|-------------|--------|-------|
| 46 | 5/11/2022 | Withdrawal by cashier's check from Regions Bank account x1908 | $17,000.00 | Hendrick Chevrolet |
| 47 | 7/29/2022 | Withdrawal by cashier's check from Regions Bank account x1908 | $12,095.00 | Trailer World |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

## Count 48
## (Conspiracy)

46. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

47. Beginning on a date unknown, but from at least in or about April 2022, and continuing through at least in or about June 2022, in the Northern District of Georgia and elsewhere, the Defendant, DARREL J. BURGO a/k/a Fleet, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with JaQuan Frazier and others known and unknown to the Grand Jury to commit access device fraud, that is, to (1) knowingly and with intent to defraud traffic in and use unauthorized access devices during any one-year period, and by such conduct obtain anything of value aggregating at least $1,000 during that period, affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2); and (2) knowingly and with intent to defraud possess at least fifteen unauthorized access devices, affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

### Manner and Means

48. In furtherance of the scheme to defraud Amazon, Demetrius Hines sought names and personally identifiable information to provide to Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young for her to use as fake vendor contacts for the submission of fraudulent invoices to Amazon.

19

49. Hines asked JaQuan Frazier to assist him with getting names and information that could be used fraudulently. Frazier approached Defendant BURGO, who agreed to supply names, addresses, dates of birth, and Social Security numbers to Frazier for fraudulent use. Frazier paid Defendant BURGO more than $1,000 for the stolen identity information. Hines in turn paid Frazier more than $1,000 for the information.

50. Defendant BURGO transmitted names, addresses, dates of birth, and Social Security numbers to Frazier through text messages and the Telegram Messenger application for fraudulent use. The Social Security numbers were authentic and could be used, alone and in conjunction with another access device, to obtain money, goods, services, and any others thing of value, and could be used to initiate a transfer of funds. The Social Security numbers were stolen and obtained with intent to defraud.

Overt Acts

51. In furtherance of the conspiracy, and to effect the objects and purposes thereof, the Defendant, DARREL J. BURGO a/k/a Fleet, committed the following overt acts, among others, within the Northern District of Georgia:

      a.  On or about April 27, 2022, Defendant BURGO sent the name and Social Security number for victim P.N. to JaQuan Frazier through a text message.

20

b.  On or about May 19, 2022, Defendant BURGO sent the names and

Social Security numbers for approximately 22 victims to JaQuan

Frazier through the Telegram Messenger application.

All in violation of Title 18, United States Code, Section 371.

### Count 49
### (Access Device Fraud)

52. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 and 48 through 50 of this Indictment as if fully set forth herein.

53. From on or about April 27, 2022, though on or about May 19, 2022, in the Northern District of Georgia and elsewhere, the Defendant, DARREL J. BURGO a/k/a Fleet, aided and abetted by JaQuan Frazier and others known and unknown to the Grand Jury, knowingly and with intent to defraud, trafficked in and used unauthorized access devices, namely, Social Security numbers, that could be used alone and in conjunction with another access device to obtain money, goods, services, and other things of value, and could be used to initiate a transfer of funds, and that were stolen and obtained with intent to defraud, and by such conduct obtained anything of value aggregating at least $1,000 during a one-year period, affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2) and Section 2.

**Count 50**
**(Access Device Fraud)**

54. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 and 48 through 50 of this Indictment as if fully set forth herein.

55. From on or about April 27, 2022, though on or about May 19, 2022, in the Northern District of Georgia and elsewhere, the Defendant, DARREL J. BURGO a/k/a Fleet, aided and abetted by JaQuan Frazier and others known and unknown to the Grand Jury, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices, namely, Social Security numbers, that could be used alone and in conjunction with another access device to obtain money, goods, services, and other things of value, and could be used to initiate a transfer of funds, and that were stolen and obtained with intent to defraud, affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(3) and Section 2.

**Counts 51 through 55**
**(Aggravated Identity Theft)**

56. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 and 48 through 50 of this Indictment as if fully set forth herein.

57. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, the Defendant, DARREL J. BURGO a/k/a Fleet, aided and abetted by JaQuan Frazier and others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a

22

means of identification of another person, namely, the names and Social Security
numbers of the individuals identified below, during and in relation to
committing the felony violations of access device fraud as alleged in Counts 49
and 50:

| COUNT | DATE | INDIVIDUAL VICTIM |
|-------|------|-------------------|
| 51 | 4/27/2022 | P.N. |
| 52 | 5/19/2022 | A.M. |
| 53 | 5/19/2022 | L.N. |
| 54 | 5/19/2022 | B.D. |
| 55 | 5/19/2022 | C.P. |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and
Section 2.

### Forfeiture Provision

58. Upon conviction of one or more of the offenses alleged in Counts 1
through 14 of this Indictment, the Defendant, BRITTANY HUDSON, shall forfeit
to the United States of America, pursuant to Title 18, United States Code, Section
982(a)(2), any property constituting, or derived from, proceeds obtained directly
or indirectly, as a result of said violations, including, but not limited to, the
following:

> MONEY JUDGMENT: A sum of money in United States currency,
> representing the amount of proceeds obtained as a result of the offenses
> alleged in Counts 1 through 14 of the Indictment.

59. Upon conviction of one or more offenses alleged in Counts 15 through 20 of this Indictment, the Defendant, BRITTANY HUDSON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property. The forfeited property includes but is not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts 15 through 20 of the Indictment.

60. Upon conviction of one or more of the offenses alleged in Counts 21 through 23 of this Indictment, the Defendants, BRITTANY HUDSON and KAYRICKA WORTHAM a/k/a Kayricka Dupree a/k/a Kayricka Young, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violations, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts 21 through 23 of the Indictment.

61. Upon conviction of one or more of the offenses alleged in Counts 1 and 26 through 45 of this Indictment, the Defendant, JAMAR L. JAMES, SR., shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section

24

982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violations, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts 1 and 26 through 45 of the Indictment.

62. Upon conviction of one or more offenses alleged in Counts 46 and 47 of this Indictment, the Defendant, JAMAR L. JAMES, SR., shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property. The forfeited property includes but is not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts 46 and 47 of the Indictment.

63. Upon conviction of one or more offenses alleged in Counts 48 through 50 of this Indictment, the Defendant, DARREL J. BURGO a/k/a Fleet, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violations. The forfeited property includes but is not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts 48 through 50 of the Indictment.

64. If, as a result of any act or omission of a Defendant, any property subject to forfeiture:

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c)

and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the Defendant up to the value of the forfeitable property.


A      _____   BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

STEPHEN H. MCCLAIN
*Assistant United States Attorney*
Georgia Bar No. 143186

NORMAN L. BARNETT
*Assistant United States Attorney*
Georgia Bar No. 153292

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181